## HILL v BALLARD

Ohio Appeals, 1st Dist, Hamilton Co

No 4765.   Decided May 6, 1935

Stanley C. Silversteen, Cincinnati, for plaintiff in error.

Edward M. Ballard, Cincinnati, for defendant in error.

### OPINION

By MATTHEWS, J.

In order for the automobile to strike the decedent it was necessary for it to have been operated almost, if not entirely, on its left side of the road.  The evidence shows without contradiction that it was so operated. It is entirely clear, therefore, that the operator of the automobile was negligent and that such negligence was at least one of the factors of the proximate cause of the decedent's death.

The defendant claims that the court erred in its instructions to the jury on the subject of the speed statute (§12603 GC) and the headlight statute (§12614-3 GC).   In view of the uncontradicted evidence that the automobile that struck the decedent was negligently operated, we are of the opinion the error, if any, in these respects could not possibly have been prejudicial to the defendant.

We have examined the charge on contributory negligence, and the burden of proving it, and find no error in that connection.

The real issue in this case related to the identity of the operator of the automobile

that struck the decedent. The defendant denied that either he or his automobile was involved in it, and offered evidence that he was elsewhere at the time. In other words, he pleaded and attempted to prove what is called an alibi in criminal procedure. The plaintiff placed no witness upon the stand who testified that he saw the defendant operate his automobile against the decedent. To prove this element of his case the plaintiff relied upon circumstantial evidence. It is claimed that these circumstances do not attain the quality of legal evidence, but that at most they only serve as predicates for inferences upon which other inferences must be piled before reaching the issue in this case, and that this process of reasoning has been denounced in Sobolovitz v The Lubric Oil Co., 107 Oh St, 204. Or stated differently, the claim is that after drawing the legitimate inferences it is necessary still to guess in order to reach a conclusion, and that as stated in Ry. Co. v Marsh, 63 Oh St, 236, "There should be no guessing by either court or jury." These cases illustrate particular instances of failure of circumstantial evidence as the springboard for the conclusion involved in the issue on trial. The more general statement of this principle is stated in Ry Co. v Andrews, 58 Oh St, 426, as follows:

"In the absence of direct evidence in its support, an allegation that one sustained injuries by reason of the negligence of the defendant is not sustained by proof of circumstances from which the fact that his injuries were so sustained, is not a more natural inference than any other."

Circumstances to be of evidential value must furnish a mental vehicle on a track headed toward that terminus, which is the issue in the case. They must do more than merely create a steed that will permit the mount to "dash off in all directions."

The testimony shows beyond dispute that on the night of this accident the defendant was at the Maples, which was a saloon, for five or six hours, and left there shortly before the accident, the evidence not disclosing the exact time of his departure. The Maples was only a short distance from the scene of this accident. The defendant's own testimony indicates that he was intoxicated, the degree only being in doubt.

The lights on the automobile that struck the decedent were set far apart—on the fenders—and the testimony shows that only, on Pierce-Arrow automobiles are they so placed. The defendant owned a Pierce-Arrow and he alone operated it that night.

The automobile that struck the decedent, proceeded northwardly. Immediately after the accident, but after the automobile had disappeared toward the north, another automobilist started in pursuit. The first automobile that he overtook was at a point some six or eight miles from the point of the accident, and that was defendant's automobile, operated by him. The defendant was arrested within an hour thereafter and when questioned by the officers, made. what seems to us, contradictory statements.

The speed of the pursued and pursuing automobiles would cause the latter to overtake the former at about the point where the defendant was overtaken.

The evidence offered by the defendant to prove that he was elsewhere at the time of the accident is weakened by the fact that it would have been practically impossible for him to have gone from that place to the place where he was overtaken after the accident within the lapse of time. The only other item of evidence, tending to support the defendant's conclusion, was that showing that there were no marks on the automobile indicating a collision sufficient to damage or mar it.

Of course, this evidence does not prove beyond a reasonable doubt that the defendant caused the decedent's death, but there is no such legal requirement. In the ordinary civil case the court and jury deal in probabilities. Is it probable that defendant caused the death? Is that the more natural inference? Acting under instructions that were unexceptional in that respect the jury found that was the natural inference.

We are of opinion that the jury could reach that conclusion by the process of sound judicial reasoning, based on circumstantial evidence, without resort to the unsound process of guessing or drawing inference from inference. Nor can we say that the verdict is manifestly against the weight of the evidence.

Finding no error in the record, prejudicial to the defendant, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.